FILED AUG 2 3 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNE C. ROCHE GALLEN,<br>　　Plaintiff | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 02-3750 |
| | : | |
| FOSTER-WHEELER ENVIRONMENTAL<br>CORPORATION,<br>　　Defendant. | : | |

## DEFENDANT'S ANSWER AND FIRST DEFENSE

1-2.　Paragraphs 1 and 2 of the complaint are denied as setting forth conclusions of law.

3.　Denied.

4-5.　Admitted.

6.　Defendant admits only that it employed more than fifteen employees for each working day in each of 20 or more calendar weeks in 2002 and the preceding three years. All other statements in paragraph 6 of the complaint are denied as setting forth conclusions of law.

7.　Defendant admits only that plaintiff filed a complaint of discrimination with the Pennsylvania Human Relations Commission ("PHRC") and that the PHRC complaint was filed within 180 days of the date of termination of plaintiff's employment. All other statements in paragraph 7 are denied as setting forth conclusions of law.

8.　Admitted.

400864

9. Defendant admits only that plaintiff's employment with defendant began on July 26, 1993 and that she was employed as a Risk Assessment Scientist. All other averments in paragraph 9 of the complaint are denied.

10. Defendant admits only that plaintiff was injured on a job site in March, 1996. All other averments in paragraph 10 of the complaint are denied.

11. Paragraph 11 of the complaint is denied as setting forth conclusions of law. To the extent that paragraph 11 of the complaint makes averments of fact, defendant lacks knowledge or information sufficient to admit or deny those averments, and accordingly they are denied.

12. Paragraph 12 of the complaint is denied as setting forth conclusions of law. To the extent that paragraph 12 of the complaint makes averments of fact, those averments are denied.

13. Defendant lacks knowledge or information sufficient to admit or deny the averments in paragraph 13 of the complaint, and accordingly they are denied.

14. Admitted.

15. Denied.

16. Defendant admits only that Ed Leonard was aware that plaintiff had suffered a work related injury for which she sought workers' compensation benefits. All other averments in paragraph 16 of the complaint are denied.

17. Denied.

18. Defendant admits only that plaintiff was on medical leave from October 11, 1996 to January 13, 1998 and that, on returning to work after that leave, she had

400864

certain medical restrictions. All other averments in paragraph 18 of the complaint are denied.

19. Defendant admits only that plaintiff was on medical leave from October 1997 until December 1997 and that, on returning to work from leave, she had certain medical restrictions. All other averments in paragraph 19 of the complaint are denied.

20. Denied.

21. Defendant admits only that plaintiff received a salary increase. All other averments in paragraph 21 of the complaint are denied.

22-25. Denied.

26. Defendant admits only that it terminated plaintiff's employment on January 16, 1998. All other averments in paragraph 26 of the complaint are denied.

27. Admitted.

28-32. Denied.

33. Defendant admits only that plaintiff informed several employees of defendant that she was married in July 1997. All other averments in paragraph 33 of the complaint are denied.

34. Defendant lacks knowledge or information sufficient to admit or deny the averments in paragraph 34 of the complaint and accordingly they are denied.

35. Defendant lacks knowledge or information sufficient to admit or deny the averments in paragraph 35 of the complaint and accordingly they are denied.

36-38. Denied.

400864

39. Defendant incorporates by reference as if specifically pleaded its answers and responses to the averments and statements in paragraphs 1 through 38 of the complaint.

40-41. Paragraphs 40 and 41 of the complaint are denied as setting forth conclusions of law.

42-46. Denied.

47. Paragraph 47 of the complaint is denied as setting forth a conclusion of law.

48. Defendant incorporates herein by reference as if specifically pleaded its answers and responses to the averments and statements set forth in paragraphs 1 through 47 of the complaint.

49. Paragraph 49 of the complaint is denied as setting forth a conclusion of law.

50. Defendant incorporates by reference as if specifically pleaded its answers and responses to the averments and statements contained in paragraphs 1 through 49 of the complaint.

51. Denied.

52-53. Paragraphs 52 and 53 of the complaint are denied as setting forth conclusions of law.

54. Denied.

55. Paragraph 55 of the complaint is denied as setting forth conclusions of law.

400864

56. Defendant incorporates herein by reference as if specifically pleaded its answers and responses to the averments and statements in paragraphs 1 through 55 of the complaint.

57. Paragraph 57 of the complaint is denied as setting forth a conclusion of law.

58. Defendant incorporates by reference as if specifically pleaded its answers and responses to the averments and statements in paragraphs 1 through 57 of the complaint.

59-60. Paragraphs 59 and 60 of the complaint are denied as setting forth conclusions of law.

61. Denied.

62. Paragraph 62 of the complaint is denied as setting forth a conclusion of law.

63. Defendant incorporates by reference as if specifically pleaded its answers and responses to the averments and statements in paragraphs 1 through 62 of the complaint.

64. Paragraph 64 of the complaint is denied as setting forth a conclusion of law.

## SECOND DEFENSE

Plaintiff failed to use the required statutory procedure and remedies with respect to her claims set forth in count V of her complaint.

400864

### THIRD DEFENSE

Plaintiff failed to use the requisite statutory procedure and remedies with respect to her claims in count VI of her complaint.

### FOURTH DEFENSE

Plaintiff failed to file a timely charge of discrimination with the EEOC alleging retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq.

### FIFTH DEFENSE

Plaintiff has not received the EEOC's notice of her right to sue on the claims presented in count V of her complaint.

### SIXTH DEFENSE

Plaintiff failed to file a timely complaint with the PHRC alleging retaliation in violation of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 et seq.

### SEVENTH DEFENSE

To the extent that plaintiff has failed to mitigate her loss, she is precluded from recovering for her loss, if any.

### EIGHTH DEFENSE

Plaintiff failed to file a timely charge of discrimination with the EEOC with respect to some or all of her claims.

### NINTH DEFENSE

Plaintiff failed to file a timely complaint with the PHRC with respect to some or all of her claims.

400864

**TENTH DEFENSE**

Punitive damages are not available under the PHRA.

**ELEVENTH DEFENSE**

Plaintiff's claims under Title VII and the ADA are collectively subject to the cap on compensatory and punitive damages set forth in 42 U.S.C. §1981a(a)(3).

**TWELFTH DEFENSE**

Plaintiff did not have a disability within the meaning of the PHRA or the ADA.

**THIRTEENTH DEFENSE**

Plaintiff is estopped from contending that defendant erroneously regarded her as disabled.

WHEREFORE, defendant respectfully requests that this court dismiss plaintiff's claims and enter judgment in favor of defendant and against plaintiff on each and all of plaintiff's claims.

Respectfully submitted,

James M. Penny, Jr.
Obermayer Rebmann Maxwell & Hippel LLP
One Penn Center, 19th Floor
1617 JFK Boulevard
Philadelphia, PA  19103-1895
(215)665-3130
Attorneys for Defendant

August 23, 2002

7

400864

## CERTIFICATE OF SERVICE

I, James M. Penny, Jr., hereby certify that I have caused a true and correct copy of Defendant's Answer and First Defense to be served upon the following counsel via first-class mail, postage prepaid this 23rd day of August:

Michael J. McCaney, Jr., Esquire
925 Harvest Drive
Suite 220
Blue Bell, PA  19422

James M. Penny, Jr.

402786