UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNE C. ROCHE GALLEN : | |
| : | CIVIL ACTION |
| Plaintiff : | |
| : | |
| v. : | NO. 02-CV-3750 |
| : | |
| FOSTER-WHEELER ENVIRONMENTAL : | |
| CORPORATION : | |
| : | |
| Defendant : | JURY TRIAL DEMANDED |

**AMENDED COMPLAINT**

**Introduction**

  1. This is a suit for relief and damages to redress depravation of rights secured to the Plaintiff by the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq.; and the Pennsylvania Human Relations Act (PHRA), 43 Pa. C.S. § 951, et seq., regarding discrimination based upon disability and retaliation.

**Jurisdiction**

  2. The jurisdiction of this Court is invoked to secure protection of and to redress depravation of rights secured by the ADA, 42 U.S.C. § 12117 providing for relief against discrimination in employment on the basis of a disability, and from retaliation; and 42 U.S.C. § 1988 providing for the protection of all persons in their civil rights. Jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1331. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 over those claims asserted under the PHRA.

138805 v1

3. The unlawful employment practices alleged below were committed within the Eastern District of the Commonwealth of Pennsylvania.

**Parties**

4. Plaintiff is Anne C. Roche Gallen (Gallen), a female citizen of the United States currently residing in Ambler, Montgomery County, Commonwealth of Pennsylvania.

5. Defendant, Foster-Wheeler Environmental Corporation (Foster) is a Texas corporation authorized to do business within the Commonwealth of Pennsylvania, maintaining an office and conducting business at 2900 Lincoln Highway East, One Oxford Valley, Suite 200, Langhorne, Pennsylvania 19047.

6. Foster has continuously been and is now an employer engaged in an industry affecting commerce with 15 or more employees for each working day in each of 20 or more calendar weeks in each relative calendar year and meets the definition of "employer" set forth in 42 U.S.C. § 2000(b). In addition, Foster meets the definition of "employer" set forth in the PHRA 43 Pa. C.S. § 954(b).

**Procedural Requirements**

7. On or about June 2, 1998, Plaintiff Gallen filed a charge of discrimination with the Pennsylvania Human Relations Commission (PHRC) and the Equal Employment Opportunity Commission (EEOC) that satisfied the requirements of 42 U.S.C. § 2000e-5. Such charge was filed within 180 days after one or more of the alleged unlawful employment practices in violation of 42 USC § 2000e and 42 USC § 12112 had occurred.

8. On or about May 14, 2002, the said EEOC issued Plaintiff Gallen a Notice of Right to Sue stating that Plaintiff could file a civil action under the ADA and Title VII within 90 days from the receipt of such notice. Plaintiff filed the Complaint in this case within 90 days of receipt of such Notice of Right to Sue.

**Facts**

9. Beginning in or around July, 1993, Plaintiff commenced employment with Defendant Foster as an Environmental Risk Assessment Consultant.

10. Plaintiff was injured on a job site in March, 1996, on a job assigned to her by Ed Leonard, a supervisor at the time.

11. Plaintiff is a qualified individual with a disability in that she suffers from impingement of the right shoulder, chronic right medical cord brachial plexopathy, chronic right ulnar nerve neuropathy at the elbow, chronic right median nerve neuropathy at the wrist, right rotator cuff tear, bilateral carpal tunnel syndrome and other related physical impairments.

12. Plaintiff is a qualified individual with a disability in that she has a record of impairment and/or perceived disability.

13. Plaintiff is substantially limited in performing major life activities including, but not limited to, no repetitive use of hands, lifting, driving, performing manual tasks, and caring for herself.

14. After her injury, Plaintiff continued to perform her job duties with some medical restrictions.

15. Ed Leonard ordered Plaintiff to bill only half (50%) of her hours worked to a Navy project he was overseeing and half (50%) overhead to the company because he said that she probably was working slower because of her injury.

16. Ed Leonard regarded Plaintiff as having a work related disability.

17. Plaintiff complained to the Langhorne office manager, Peter Mavraganis, on or about September, 1996 regarding Mr. Leonard's perception of Plaintiff as having a work related disability.

18. Plaintiff underwent two surgeries to correct this jobsite injury.  She had surgery on her right hand in October, 1996, which left her out of work until January 8, 1997, when she continued to perform her job with medical restrictions.

19. Plaintiff then had surgery on her right shoulder in October, 1997, which left her out of work until December, 1997, when she continued to perform her job with medical restrictions.

20. Upon this return to work, Ed Leonard repeatedly tried to convince project managers and supervisor, Dan Walsh, to lay her off.

21. Plaintiff received a favorable annual review in December, 1997 which resulted in a raise.

22. Plaintiff's supervisor, Dan Walsh, told her that she would be put in for a promotion at the end of 1998.

23. Plaintiff had accepted the position of internal risk reviewer before her surgery, for which she was qualified.

24. Ed Leonard tried to pressure Plaintiff into taking a job that was four hours away from her home while she was prohibited by Ed Leonard to take a job as an internal risk reviewer in Langhorne, Pennsylvania.

25. Following a check-up on January 13, 1998, Plaintiff provided her employer with a doctor's note stating that she could continue working with certain medical restrictions.

26. Suddenly, on January 15, 1998, Plaintiff's employment was terminated.

27. The reason given to the Plaintiff by Foster was that the company was downsizing.

28. There were no other employees laid off from the Langhorne, Pennsylvania office at the time of the Plaintiff's layoff.

29. There was work in the office for her to do, and her responsibilities were assigned to other employees with less experience or qualifications.

30. Other employees hired after her, with the same or less credentials and education, were retained. The employees retained had no known disabilities.

31. Plaintiff's position was advertised in the Philadelphia Inquirer on March 22, 1998, just two months following her alleged layoff.

32. Plaintiff's position was advertised in the Philadelphia Inquirer again on February 14, 1999.

33. At all material times, Plaintiff's employment performance was above average as evidenced by periodic performance evaluations that exceeded the employer's expectations, as well as pay raises.

## COUNT I

## (AMERICANS WITH DISABILITIES ACT)

34. Plaintiff incorporates by reference each allegation contained in paragraphs 1 through 33 as if the same were set forth more fully at length herein.

35. Plaintiff is an individual with a disability within the meaning of the Americans With Disabilities Act, 42 U.S.C. § 12102(2)(A), in that she has a physical impairment which substantially limits a major life activity.

36. Plaintiff is also a qualified individual with a disability within the meaning of the Americans With Disabilities Act, 42 U.S.C. § 12102(2)(B) and (C), in that she has a record of impairment and/or perceived disability.

37. Plaintiff's disability, at all times material hereto, did not prevent her from performing the essential functions of her job.

38. At all material times Defendant knew, or should have known, of Plaintiff's disability status.

39. A motivating factor for terminating Plaintiff was her disability.

40. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has been deprived of economic and non-economic benefits including, but not limited to wage loss, pain and suffering, mental anguish, humiliation, loss of fringe benefits, painful embarrassment among her friends and co-workers, disruption of her personal life.

41. The actions of Defendant Foster indicate recklessness and malice on the part of Defendant Foster toward Plaintiff's federally protected rights.

42. Plaintiff Gallen has no plain, adequate or complete remedy at law. This suit is Plaintiff's sole means of securing redress.

**WHEREFORE,** Plaintiff Anne C. Roche Gallen, prays this Court that it:

a. Reinstate her employment;

b. Award her back pay, with interest;

c. Award her compensatory and punitive damages;

d. Award her the costs and disbursements of this action, including reasonable attorneys' fees; and

e. Grant such other relief as may be just and proper.

## COUNT II

### (DISABILITY DISCRIMINATION UNDER PHRA)

43. Plaintiff incorporates by reference each allegation contained in paragraphs 1 through 42 as if the same were set forth more fully at length herein.

44. Defendant Foster has engaged in conduct in violation of the PHRA, 43 Pa. C.S. § 955(a) which prohibits unlawful discriminatory practices based upon, inter alia, non-job related handicap or disability.

**WHEREFORE,** Plaintiff Anne C. Roche Gallen, prays this Court that it:

a. Reinstate her employment;

b. Award her back pay, with interest;

c. Award her compensatory damages;

d. Award her the costs and disbursements of this action, including reasonable attorneys' fees; and

e. Grant such other relief as may be just and proper.

## **COUNT III**

## **(ADA RETALIATION)**

45. Plaintiff incorporates by reference each allegation contained in paragraphs 1 through 44 as if the same were set forth more fully at length herein.

46. Defendant, through the actions of Ed Leonard, and other of its employees and agents, discriminated against Plaintiff in violation of her rights under the ADA, 42 U.S.C. §12203, because she opposed the unlawful employment practice of regarding her as having a work related disability.

47. Defendant engaged in a unlawful employment practice by retaliating against Plaintiff and terminating her for opposing an unlawful employment practice.

48. The actions of management and Defendant Foster indicate recklessness and malice on the part of the Defendant towards Plaintiff Gallen's Federally protected rights.

49. Plaintiff Gallen has no plain, adequate or complete remedy at law.  This suit is Plaintiff's sole means of securing redress.

**WHEREFORE,** Plaintiff Anne C. Roche Gallen, prays this Court that it:

a. Reinstate her employment;

b. Award her back pay, with interest;

c. Award her compensatory and punitive damages;

d. Award her the costs and disbursements of this action, including reasonable attorneys' fees; and

e. Grant such other relief as may be just and proper.

## COUNT IV

## (PHRA RETALIATION)

50. Plaintiff incorporates by reference each allegation contained in paragraphs 1 through 48 as if the same were set forth more fully at length herein.

51. Defendant has engaged in conduct in violation of the PHRA, 43 Pa. C.S. § 955 (d) which prohibits unlawful discriminatory practices against any individual because such individual has opposed any practice forbidden by that Act.

**WHEREFORE,** Plaintiff Anne C. Roche Gallen, prays this Court that it:

a.  Reinstate her employment;

b.  Award her back pay, with interest;

c.  Award her compensatory damages;

d.  Award her the costs and disbursements of this action, including reasonable attorneys' fees; and

e.  Grant such other relief as may be just and proper.

FLAMM, BOROFF & BACINE, INC.

Date:   January _____, 2003                 _____

Michael J. McCaney, Jr.
Frank P. Spada
Atty. I.D. #28013/Atty. ID #48331
Flamm, Boroff & Bacine, P.C.
925 Harvest Drive, Suite 220
Blue Bell, PA  19422
215-239-6000

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document was served upon all parties interested in this action, by First Class Mail, postage prepaid, addressed as follows:

James M. Penny, Jr., Esquire
One Penn Center, 19th Floor
1617 JFK Boulevard
Philadelphia, PA  19103-1895

                FLAMM, BOROFF & BACINE, PC

                By:_____
                    MICHAEL J. McCANEY, JR.
                    Attorney for Plaintiff

Date:_____